## WONG FOONG v. UNITED STATES.
### No. 7153.

Circuit Court of Appeals, Ninth Circuit.
Feb. 15, 1934.

Hugh C. Todd, of Seattle, Wash., for appellant.

Anthony Savage, U. S. Atty., and Hamlet P. Dodd, Asst. U. S. Atty., both of Seattle, Wash. (John F. Dunton, of Seattle, Wash., U. S. Immigration Service, on the brief), for the United States.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

The petitioner, Wong Foong, applied to the Immigration Service at the port of Seattle for admission into the United States as

a citizen of the United States. His application for admission having been denied, and petitioner having been ordered returned to China, he petitioned the District Court for a writ of habeas corpus. After the hearing, he was remanded to the custody of the immigration authorities, and this appeal is taken from that order.

The petitioner was born in China on October 24, 1894, and his claim of citizenship depends on the status of his father at the time of the petitioner's birth. The father, Wong Ping, was naturalized as a citizen of the kingdom of Hawaii on August 29, 1892. The provisional government of Hawaii was established on January 14, 1893. Thereafter, on May 11, 1893, Wong Ping returned to China on a temporary visit and remained there until June 6, 1900, when he returned to Honolulu, landing there on July 9, 1900, where he remained until late in 1907, when he was admitted into the United States at the port of San Francisco as an American citizen. On February 10, 1910, he returned to China, where he died in 1913. The petitioner's brother and sister have both been admitted into the United States as American citizens. They applied for admission during their minority.

The petitioner relies upon the Act of Congress of April 30, 1900 (31 Stat. 141), declaring all persons who were citizens of the republic of Hawaii on August 12, 1898, to be citizens of the United States (section 4 [48 USCA § 494]). Petitioner's contention then is that he was a citizen of the republic of Hawaii although a resident of China on August 12, 1898, and became a citizen of the United States by virtue of the provision of the above-mentioned act of April 30, 1900. Before the petitioner's birth and during the absence of the petitioner's father in China, the republic of Hawaii was established on July 4, 1894.

The Constitution of the republic of Hawaii, adopted July 4, 1894, article 17, § 1, provides that "all persons born or naturalized in the Hawaiian Islands, and subject to the jurisdiction of the Republic, are citizens thereof." The petitioner was neither born nor naturalized in the Hawaiian Islands, nor was he a citizen of the kingdom of Hawaii. In 1892 the kingdom adopted the rule of the English common law. "The common law of England as ascertained by English and American decisions, is hereby declared to be the common law of the Hawaiian Islands in all cases, except as otherwise

expressly provided by the Hawaiian constitution or laws, or fixed by Hawaiian judicial precedent, established by Hawaiian national usage, provided however, that no person shall be subject to criminal proceedings except as provided by the Hawaiian laws." (Section 5 of an Act to reorganize the judiciary department, approved November 25, 1892, Hawaiian Session Laws of 1892–93, c. 57, pp. 90, 91.) Under the common law of England a child born abroad of a father who is a subject of England does not become a citizen of England. U. S. v. Wong Kim Ark, 169 U. S. 649, 670, 18 S. Ct. 456, 42 L. Ed. 890. Consequently, under the laws of the kingdom of Hawaii the petitioner who was born in China did not become a citizen of the kingdom by virtue of the citizenship of his father unless there is some Constitution, law, judicial precedent, or usage, to the contrary. None has been called to our attention by the petitioner. He does call our attention to a decision by the United States District Court for the territory of Hawaii in the matter of the application of Lum Yuk Kwai wherein is set forth correspondence published in Pacific Commercial Advertiser, January 25, 1868, between one H. H. Parker and Fred W. Hutchison, minister of the interior of the Hawaiian Islands. Mr. Parker inquired as to his status as to citizenship. He stated he was born in 1834 at the Marquesas Islands; that his parents were temporarily there on a mission, that his father was born in Massachusetts, United States of America, and came to the Hawaiian Islands with his mother and resided there over thirty years but had never taken the oath of allegiance to the government; that he came to the Hawaiian Islands when two months old and resided there continuously thereafter. In reply thereto the minister of the interior states, "In the judgment of His Majesty's government no one acquires citizenship in this Kingdom unless he is born here, or born abroad of Hawaiian parents (either native or naturalized) during their temporary absence from the Kingdom, or, unless having been the subject of another power, he becomes the subject of this Kingdom by taking the oath of allegiance. As your case presents none of these elements you will perceive that this government cannot recognize you as a Hawaiian subject without you take the oath required by law." District Judge Massee in his opinion called attention to the fact that the minister of the interior was dealing with a case where the person making the inquiry had returned to Hawaii and was living therein.

It is difficult to appraise the value of this opinion by the minister of the interior as evidence of custom or usage in the kingdom of Hawaii at the time it was written (1868). If accepted literally, it would not apply to the instant case for the reason that the letter refers to children born abroad of Hawaiian parents, either native or naturalized. The petitioner's father was a naturalized citizen of the kingdom of Hawaii, but his mother was not. The United States attorney calls our attention to an act known as the Second Act of Kamahameha III, of which section 3, art. 1, c. 5, part 1, passed in 1846, provided: "All persons born within the jurisdiction of this kingdom, whether of alien foreigners, of naturalized or of native parents, and all persons born abroad of a parent native of this kingdom, and afterwards coming to reside in this, shall be deemed to owe native allegiance to His Majesty. All such persons shall be amenable to the laws of this kingdom as native subjects. * * * " We are unable to see what bearing this act has upon the question involved as it was repealed in 1859. (Civ. Code of Hawaiian Islands passed in 1859, p. 362, § 1491). This was stated by Judge Massee in his opinion above referred to in which, after quoting the Act of Kamahameha III, above set forth, he states: "The entire act (which was called an act to organize the Executive Department, and consisting of more than 250 pages) except certain sections not material to this case, was repealed by codification act of 1859."

We conclude that the petitioner was not made a citizen of the United States by the Act of April 30, 1900, above quoted, making all citizens of the republic of Hawaii citizens of the United States. If we assume that the father became a citizen of the United States by virtue of the last-mentioned act, the question is whether or not under any other law of the United States his son is entitled to citizenship. In this connection it should be stated that the Immigration Authorities admitted the prior landed brother and sister of the petitioner on the theory that they were entitled to admission under the provisions of section 5 of an act in reference to the expatriation of citizens and their protection abroad, approved March 2, 1907 (34 Stat. 1228, 1229, 8 USCA § 8). Appellant concedes that not having presented himself for admission during his minority he is not entitled to admission by reason of the act in question. See U. S. ex rel. Betty v. Day (C. C. A. 2) 23 F.(2d) 489; U. S. v. Corsi (D. C. S. D. N. Y.) 55 F.(2d) 941.

Petitioner's sole claim is that he became a citizen by virtue of the Act of April 30, 1900, above quoted. As he was not a citizen of the republic of Hawaii on August 12, 1898, that contention cannot be maintained.

Order affirmed.