**LEE HON LUNG, Plaintiff,**

v.

**John Foster DULLES, Defendant.**

**Civ. No. 1554.**

United States District Court
D. Hawaii.

April 10, 1959.

N. W. Y. Char, Honolulu, Hawaii, for plaintiff.

Louis B. Blissard, U. S. Atty., Honolulu, Hawaii, for defendant.

WIIG, District Judge.

Plaintiff, Lee Hon Lung, armed with a decision of a board of special inquiry made in 1924, admitting him as a citizen of the United States, brought this action against the Secretary of State for a judgment declaring him to be a citizen of this country.[1] In April, 1957, the Department of State denied his application for a passport on the ground that he was not a national of the United States.

This Court has jurisdiction of the case.

Plaintiff appealed from an adverse judgment in the first trial of this action, and the Court of Appeals reversed and remanded with instructions to grant him a new trial. Lee Hon Lung v. Dulles, 9 Cir., 1958, 261 F.2d 719, 724. The Court said:

"For the reasons stated, we hold that where one has, over a long peri-

---

1. Jurisdiction was asserted under § 360(a) of the Immigration and Nationality Act, 8 U.S.C.A. § 1503(a), and the Declaratory Judgment Act, 28 U.S.C.A. § 2201.

od of years, acted in reliance upon a decision of a board of special inquiry admitting him as a citizen of the United States, the fraud or error which will warrant disregard of such decision must be established by evidence which is clear, unequivocal, and convincing."

Plaintiff's case is bottomed on his claim that he was born in Honolulu, Hawaii, on April 4, 1899, but when about seven (7) months old, he left Honolulu for China with his father, his mother, and his brother; that he returned to Honolulu in 1923; that on January 7, 1924, a board of special inquiry of the Immigration Service, after a hearing, rendered a decision admitting him as a Hawaiian-born citizen of the United States; and that he has since resided continuously in Honolulu.

It is not unusual in this type of case that the Government is at a considerable disadvantage in sustaining the burden of proving fraud or error which would warrant the setting aside of a thirty-five (35) year old decision of a board of special inquiry. Here, the only living witness is the plaintiff himself. The balance of the evidence consists of exhibits, including a departure record of the S. S. Hong Kong Maru, dated November, 1899, a laborer's identification and affidavit of Chinese laborer of the same year, a certificate of residence and return of Chinese laborers for the years 1900 and 1901, and plaintiff's application for a certificate of citizenship in the Hawaiian Islands, together with transcripts of hearings conducted in 1936, which application was denied.

The oral testimony, as well as the documentary evidence, contains a myriad of discrepancies with regard to dates, names, places, and actions. There is no reliable testimony of any kind that plaintiff's mother was in Hawaii at the time of his birth, and there is no testimony to the effect that she was not in Hawaii at that time.

On the record as it now exists, an incongruous situation develops. The documentary evidence in and of itself would not suffice to justify a denial of plaintiff's claim. We then come to the proposition as to whether the trier of the facts would be justified in denying the claim on the basis of plaintiff's own testimony. The Government places great stress on plaintiff's reliance in his application for a certificate of Hawaiian Citizenship in 1936 and in the prior trial on the 1899 departure record as one of the bases of his claim to citizenship, and his repudiation of that claim during this trial. It is urged that plaintiff was coached in the 1936 hearing, that he maintained this position during the first trial, and then repudiated it during the second trial all for his own benefit. At best, reliance upon this old document, or repudiation of the document, represents a state of mind which might approach falsity, but at the same time would not be perjury.

The anomaly is simply this: the Government urges that plaintiff cannot prevail because of his lack of credibility despite the appellate court's ruling that the trier of fact may only set aside the finding of the board of special inquiry for fraud or error by evidence which is clear, unequivocal, and convincing.[2]

It appears, therefore, that the 1924 decision of the board of special inquiry admitting plaintiff as an American citizen, although not res judicata, is determinative of the issues in this case.

A judgment will be entered for the plaintiff.

2. Cf. Gonzalez-Jasso v. Rogers, D.C.Cir., 264 F.2d 584.